IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EMMETT L. AVERY,

    Plaintiff,

    v.                             CIVIL NO.: WDQ-11-2612

MICHAEL ASTRUE,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Emmett L. Avery, *pro se*, sued Michael Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 (the "ADEA").[2] For the following reasons, the Court will grant the Commissioner's unopposed motion to dismiss.

I. Background[3]

Avery, an African American male, was born in 1966. ECF No. 4-2 at 4. In September 2008, he worked as a benefit earnings

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] 29 U.S.C. §§ 621, *et seq.*

[3] For the Commissioner's motion to dismiss, the well-pled allegations in Avery's complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

technician for the Social Security Administration (the "SSA"). *Id.*

In November and December 2008, a subordinate, Victor Ward, alleged that Avery had asked him for a loan. ECF No. 4-2 at 5. Ward showed his supervisors a written agreement to borrow $5,000, purportedly signed by Avery, and emails Avery allegedly sent to Ward seeking information about the stock market and a loan of $500. *Id.* at 5. Ward said that he had given Avery $2,500. *Id.* On December 5, 2008, Avery's second-line supervisor, Kevin O'Toole, interviewed him about Ward's allegations. *Id.* On March 9, 2009, Avery was fired. ECF No. 4.

On April 4, 2009, Ward filed an Equal Employment Opportunity ("EEO") complaint against O'Toole and other supervisors, alleging that he had not been given a proper performance evaluation, and had been denied training, reassigned, demoted, fired, and denied two hours of court leave in 2008 because of his age, sex, and conduct that did not adversely affect his performance.[4]

---

[4] Mot. to Dismiss, Ex. 4. In reviewing a motion to dismiss, the Court may consider not only allegations in the complaint but also documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Avery has not challenged the authenticity of the attachments to the Commissioner's motion, and a plaintiff's EEOC filings are integral to a subsequent discrimination complaint. *See*

On May 12, 2009, Avery returned to work, at a lower salary, pursuant to a "last chance settlement agreement." ECF No. 4-2 at 6. Under the agreement, Avery admitted that he had engaged in "conduct unbecoming of a federal employee" and withdrew his EEO complaint. *Id.* The agreement provided that Avery would be fired for any additional infractions. *Id.*

On July 29, 2009, Ward sent an email to April Adams, Avery's first-line supervisor, and the Commissioner, alleging that Avery had told him, "Count your blessings you are still alive, bastard." ECF No. 4-2 at 7. On August 6, 2009, O'Toole interviewed Avery and Ward separately about Ward's allegations. Mot. to Dismiss, Ex. 10 at 2. That same day, Avery contacted an EEO counselor and accused Ward and O'Toole of retaliation, harassment, hostile work environment, and discrimination on the basis of age, sex, and race. Mot. to Dismiss, Ex. 11. On September 8, 2009, he filed a formal EEO complaint alleging retaliation, hostile work environment, harassment, and sex and age discrimination because he had been "treated differently when he was interrogated" by O'Toole on August 6, 2009. Mot. to Dismiss, Ex. 12 at 1. On September 10, 2009, Avery was fired. Compl. ¶ 4.

On April 5, 2011, the Equal Employment Opportunity

---

*Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006).

Commission (the "EEOC") entered judgment for the SSA on Avery's complaint. ECF No. 4-2 at 1. The EEOC stated the issue as whether the SSA had discriminated on the bases of age, race, sex, and "reprisal for prior EEO activity, by subjecting [Avery] to a pattern of harassment and hostile work environment, when on August 6, 2009, . . . O'Toole interviewed [him][.]" Id. at 4. The EEOC found that Avery had failed to show that he had been treated differently than anyone else during the interview with O'Toole, the SSA had a legitimate reason for asking O'Toole to conduct the interview,[5] and Avery had failed to show that the SSA's reasons were pretextual. Id. at 11-12. The EEOC also found that the SSA had legitimate, non-discriminatory reasons for firing Avery in March and September 2009. Id. at 12.

On June 16, 2011, Avery appealed the order to the EEOC's Office of Federal Operations (the "OFO"). See Mot. to Dismiss, Ex. 1. That office has not issued a final decision. Mem. in Supp. of Mot. to Dismiss 6.

On September 13, 2011, Avery filed this action, alleging race, sex, and age discrimination because he had been "terminated based on unproven allegations made by [Ward]." Compl. ¶¶ 4-6. The complaint did not indicate if EEOC

---

[5] The EEOC noted that O'Toole "was familiar with both parties," and Assistant Associate Commissioner Inell Moore thought that involving Avery's direct supervisors "would introduce bias to the investigation." ECF No. 4-2 at 11.

proceedings were complete, nor did it include a copy of the EEOC's findings. On September 19, 2011, the Court ordered Avery, within 21 days, to supplement his complaint with a copy of his EEOC "right to sue" letter. ECF No. 3.

On October 11, 2011, Avery supplemented his complaint with copies of the EEOC's decision and order entering judgment for the SSA, his December 20, 2010 prehearing statement to the EEOC administrative judge, and his deposition. See ECF Nos. 4-2, 4-3, 4-4.

On March 15, 2012, the Commissioner moved to dismiss or for summary judgment.[6] On March 16, 2012, the Clerk of the Court told Avery that he should "respond to and explain the facts or matters stated in the motion." ECF No. 10. The Clerk also said that failure to file a timely written response could lead to dismissal of the case. Id. Avery has not responded.

II. Analysis

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Commissioner argues that the Court lacks subject matter jurisdiction because Avery never filed a formal EEO complaint about his September 2009 termination, and he sued before the OFO issued a final decision on his appeal from the EEOC.[7]

---

[6] ECF No. 9. The Commissioner was served with the complaint and summons on January 19, 2012. ECF No. 7.

[7] Mem. in Supp. of Mot. to Dismiss 9. The Commissioner argues

5

1. Standard of Review

Avery bears the burden of proving subject matter jurisdiction. *See Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When, as here, a Rule 12(b)(1) motion challenges the sufficiency of the plaintiff's allegations -- not their truth -- the allegations are assumed to be true, and "the plaintiff, in effect, is afforded the same procedural protection as he would receive" on a motion to dismiss "under . . . Rule 12(b)(6)." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

2. Filing A Discrimination Charge With The EEOC

Before a federal employee may sue under Title VII or the ADEA, he must exhaust his administrative remedies. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d). A federal employee must contact an EEO counselor to initiate an informal complaint within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If informal counseling is unsuccessful, the

---

alternatively that he is entitled to summary judgment because the SSA has offered legitimate, non-discriminatory reasons for firing Avery. Mot. to Dismiss 2. Because the Court lacks subject matter jurisdiction, *see infra* Part II.A.3, the Court need not address the Commissioner's argument for summary judgment.

employee must file a formal complaint with the agency within 15 days of receiving notice to do so. 29 C.F.R. § 1614.106(a) & (b).

The formal administrative complaint must be in writing, identify the parties, and describe "the action or practices complained of." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2008) (internal quotation marks omitted). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Id.* "Only those discrimination claims . . . reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Id.* (internal quotation marks omitted).

A plaintiff's failure to exhaust his administrative remedies deprives the Court of subject matter jurisdiction over his Title VII and ADEA claims. *Jones*, 551 F.3d at 300-01.

The Commissioner argues that this Court lacks subject matter jurisdiction because Avery did not file a formal EEO complaint about his termination, "the main allegation" in this lawsuit. Mem. in Supp. of Mot. to Dismiss 9. He contends that Avery's formal complaint mentioned only his August 6, 2009 interview with O'Toole, and Avery did not amend his complaint or file a new charge about his termination. *Id.* at 9-10.

The Court does not lack jurisdiction because of Avery's

failure to amend his discrimination charge after he was fired. On September 8, 2009, he filed an EEO complaint alleging that he had been subjected to discrimination, retaliation, harassment, and a hostile work environment when he was questioned on August 6, 2009, about Ward's allegations that Avery had threatened him. *See* ECF No. 4-2 at 4.  Although the EEOC characterized the alleged violation as O'Toole's interview of Avery, it also addressed the lawfulness of Avery's termination.  *See id.* at 12. Thus, the termination was "reasonably related to the . . . complaint," and investigated by the EEOC.  *See Jones*, 551 F.3d at 300.  The Court will not dismiss on this ground.

3. Filing An Administrative Appeal

The Commissioner argues alternatively that the Court lacks subject matter jurisdiction because the OFO appeal is pending. Mem. in Supp. of Mot. to Dismiss 10.

After the EEOC provides its final decision, the complainant may appeal to the OFO or file a lawsuit.  *See* 29 C.F.R. § 1614.407.  If the complainant opts for an OFO appeal, he may only file a lawsuit (1) within 90 days of a final decision on the appeal, or (2) 180 days after he filed the appeal.  *See* 29 C.F.R. § 1614.407(c) & (d).

On June 16, 2011, Avery appealed to the OFO.  *See* Mot. to Dismiss, Ex. 1.  On September 13, 2011 -- 89 days later -- he filed this action.  ECF No. 1.  Because he did not wait 180 days

or for a decision on his appeal, the Court must dismiss this action for lack of subject matter jurisdiction.[8]

III. Conclusion

For the reasons stated above, the Court will grant the Commissioner's motion to dismiss for lack of subject matter jurisdiction.

4/26/12
Date

William D. Quarles, Jr.
United States District Judge

---

[8] "Once a complainant has chosen to appeal a final agency action for review by the EEOC, the complainant is committed to that course of action, and cannot abandon administrative review in favor of bringing a civil action." *Fleming v. Potter*, Case No. 2:04cv444, 2005 WL 1185806, at *5 (E.D. Va. May 17, 2005) (district court lacked jurisdiction because plaintiff had appealed to the OFO and "was bound to wait either for a decision . . . or for 180 days to pass with no such decision"). *Accord Wrenn v. Sec'y, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990) (plaintiff, "having initiated administrative proceedings on his ADEA claim, was thus obliged to exhaust such proceedings before filing a civil action under the ADEA"); *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990) ("a complainant who chooses to pursue EEOC review of an initial agency determination must exhaust that avenue of relief before bringing a civil action").